IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SUAMINKA CONERLY                                                           PLAINTIFF

VS.                                                CIVIL ACTION NO. 2:14cv104-KS-MTP

CAROLYN W. COLVIN                                                          DEFENDANT

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court *sua sponte* upon the plaintiff's failure to comply with court orders. Plaintiff Suaminka Conerly, proceeding *pro se* and *in forma pauperis*, filed this action on July 2, 2014, appealing the denial of Social Security disability benefits. *See* Complaint [2]. Based on the record and applicable law, the undersigned recommends that this case be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* if the plaintiff fails to prosecute or fails to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The district court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On or about August 18, 2016, the Court attempted to serve Conerly with an executed Summons Return [8] by mail, but it was returned as undeliverable. *See* [12]. On August 25,

1

2016, the Court entered a Show Cause Order [13] directing Conerly to provide her correct mailing address to the clerk of court by September 8, 2016, or, alternatively, file a written statement with the clerk by that same date explaining why her case should not be dismissed for failure to comply with court orders. Conerly did not respond to this order.

The Court then entered a Final Show Cause Order [14] on September 19, 2016, giving Conerly until September 27, 2016 to comply. To date, Conerly has not provided her current address or responded to either show cause order. Further, the docket reflects that she has not communicated with the Court since July 7, 2014. *See* Complaint [2].

As there is a clear record of delay, the Court may properly dismiss this case under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming the dismissal of a case where the trial court had warned the plaintiff that his case could be dismissed if he failed to comply with court orders); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). Conerly has been repeatedly warned that her failure to notify the Court of changes to her address and/or failure to comply with court orders could result in a dismissal of her case. *See* Orders [13] [14]. Despite these warnings, the plaintiff has not provided the Court with her current address or otherwise complied with either show cause order. Based on her inaction, it appears that Conerly has lost interest in pursuing this action and has abandoned it. Because the plaintiff has failed to prosecute her case and failed to comply with court orders, this lawsuit should be dismissed.

## **RECOMMENDATION**

For the reasons stated above, the undersigned recommends this case be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

**RIGHT TO OBJECT**

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 30th day of September, 2016.

s/ Michael T. Parker
United States Magistrate Judge
